UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| BRETT PETERSON, | ) |
| | ) |
| Plaintiff, | )   CASE NO. 3-22-CV-90 |
| | ) |
| v. | ) |
| | ) |
| MICHELE MYERS, in her official | ) |
| capacity as Mayor of Crescent City, | ) |
| Florida, and in her individual capacity; | ) |
| H.D. DELOACH, in his official capacity | ) |
| as Sheriff of Putnam County, Florida, | ) |
| ALEX MILLIGAN SHARP, in his | ) |
| personal capacity, NORTHEAST | ) |
| FLORIDA NEWSPAPERS, LLC, | ) |
| d/b/a PALATKA DAILY NEWS, a | ) |
| Georgia business entity, SARAH | ) |
| CAVACINI, THE CITY OF CRESCENT | ) |
| CITY FLORIDA, JOHN/JANE DOES | ) |
| 1-10 (fictitious individuals), and ABC | ) |
| ENTITIES 1-10 (fictitious entities), | ) |
| | ) |
| Defendants. | ) |

**RESPONSIVE PLEADINGS OF DEFENDANTS NORTHEAST
FLORIDA NEWSPAPERS, LLC D/B/A PALATKA DAILY NEWS
AND SARAH CAVACINI**

NOW COME Defendants Northeast Florida Newspapers, LLC d/b/a Palatka Daily
News and Sara Cavacini and file their responsive pleadings.

**ANSWER**

These Defendants answer the 272 paragraphs of the Complaint below.  Each
paragraph is numbered the same as the paragraph of the Complaint to which the answer
is given.  Any factual assertion in the Complaint not admitted, denied or otherwise
answered below is hereby denied.

1.      These Defendants admit that this paragraph states the contentions of Plaintiff.  In further answer, these Defendants state that they have not committed any violations against Plaintiff or acted under color of law.

2.      These Defendants deny the allegations of this paragraph.

3.      These Defendants admit that this paragraph sets forth the allegations of the Plaintiff, but they deny they have committed acts for which the Plaintiff is entitled to recover from them.

4.      These Defendants admit this paragraph sets forth the allegations of the Plaintiffs but deny they have committed acts for which the Plaintiff is entitled to recover from them.

## **PARTIES**

5.      These Defendants admit the allegations of this paragraph.

6.      These Defendants admit the allegations of this paragraph.

7.      These Defendants admit the allegations of this paragraph.

8.      These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

9.      These Defendants admit the allegations of this paragraph.

10.     These Defendants admit the allegations of this paragraph.

11.     These Defendants admit the allegations of this paragraph.

12.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

## VENUE AND JURISDICTION

13.     These Defendants admit venue in this Court but deny other allegations that they have acted unlawfully to the Plaintiff.

14.     These Defendants admit that Plaintiff has alleged subject matter jurisdiction in this paragraph, and these Defendants deny that subject matter jurisdiction applies to them.

15.     These Defendants admit that Plaintiff claims relief pursuant to the allegations in this paragraph, but these Defendants deny that Plaintiff is entitled to relief against them.

16.     These Defendants admit that there are circumstances under which supplemental jurisdiction can be added but deny that those circumstances exist in this case.

17.     These Defendants deny the allegations of this paragraph.

18.     These Defendants deny the allegations of this paragraph.

19.     These Defendants deny the allegations of this paragraph.

## FACTS COMMON TO ALL COUNTS

### A.  A BRIEF EXPLANATION OF HOW GOOGLE ACCOUNTS WORK

20.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

21.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

22.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

23.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

24.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

25.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

26.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

27.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

## B.  THE FACTS OF THE INSTANT CASE

28.     These Defendants admit the allegations of this paragraph.

29.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

30.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

31.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

32.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

33.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

34.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

35.     These Defendants are without knowledge or information except that these Defendants admit that Exhibit "A" is a Putnam County Sheriff's Office incident report.

36.     These Defendants admit that the reporting officer on the incident report is stated to be Alex Milligan Sharp.

37.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph except they admit that the quoted information is contained in the report.

38.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

39.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

40.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph except they admit that the quoted words are contained in the report.

41.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

42.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

43.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

44.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

45.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

46.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph except they admit that the quoted words are contained in the report.

47.      These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

48.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph but admit the quoted language is contained in the report.

49.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

50.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

51.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph, but they do admit that the Sheriff's Department report was made available to the public.

52.     These Defendants admit the publication of the article of May 11, 2021 in the *Palatka Daily News*, the newspaper owned by Northeast Florida Newspapers, LLC.

53.     Defendants admit the allegations in this paragraph.

## C.  THE FOURTH AMENDMENT'S APPLICATION TO GOOGLE ACCOUNTS

54.    Defendants admit the allegations of this paragraph and further state that application of the Fourth Amendment restricts government conduct.

55.    Defendants admit that the quoted language in this paragraph is found in the *Katz* case.

56.    Defendants admit that the quoted language is contained in the cited cases but deny that language describes the complete application of the Fourth Amendment.

57.    Defendants admit the existence of the cited cases, but deny that the statements in this paragraph give a full explanation of the application of the Fourth Amendment.

58.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

59.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

60.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

### COUNT I
### TORTIOUS INVASION OF PRIVACY - INTRUSION
### COMMON LAW
### DEFENDANTS MICHELLE MYERS, ALEX SHARP,
### AND H. D. DeLOACH

61.    Defendants incorporate their responses to paragraphs 1-60.

62.    Defendants admit that the allegations in this paragraph contain a partial statement of Florida law of privacy.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

65.     Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

67.     Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

68.     Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

72.     Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

73.     Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

74.     Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of this paragraph but these Defendants deny that information contained on a government-owned computer would be offensive to a reasonable person.

**COUNT II**
**TORTIOUS INVASION OF PRIVACY -**
**PUBLIC DISCLOSURE OF PRIVATE FACTS**
**COMMON LAW (DEFENDANTS MEYERS, SHARP DeLOACH,**
**NORTHEAST FLORIDA NEWSPAPERS AND SARA CAVACINI)**

76.     Defendants incorporate their responses to paragraphs 1-60.

77.     These Defendants admit that the allegations in this paragraph give a partial description of the law of privacy.

78.     These Defendants deny the allegations of this paragraph.

79.     These Defendants admit the quoted language from the *Hunstein* case but deny that it is a full statement of the applicable law to the present case.

80.     These Defendants admit that a portion of the law of privacy from the Restatement of Torts is stated in this paragraph but deny that it is a complete statement of the law of privacy applicable to this case.

81.     Defendants are without knowledge or information as to the allegations in this paragraph but do admit that the incident report was provided to the newspaper by the City.

82.    These Defendants admit only that the City provided it access to the incident report and is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations in this paragraph.

83.    These Defendants deny the allegations in this paragraph.

84.    These Defendants deny the allegations in this paragraph.

85.    These Defendants deny the allegations in this paragraph.

86.    These Defendants deny the allegations in this paragraph.

87.    These Defendants deny the allegations in this paragraph.

88.    These Defendants admit the quoted language is found in the *Wolston* case but deny that it is a full statement of the applicable law for the present case.

89.    These Defendants deny the allegations of this paragraph.

90.    These Defendants deny the allegations in this paragraph.

91.    These Defendants deny the allegations in this paragraph.

92.    These Defendants deny the allegations in this paragraph concerning public figure status and admit that the quoted words were found in the news article.

93.    These Defendants deny the allegations in this paragraph.

**COUNT III**
**TORTIOUS INVASION OF PRIVACY - FALSE LIGHT**
**COMMON LAW**
**DEFENDANTS MYERS, SHARP DeLOACH, NORTHEAST FLORIDA NEWSPAPERS AND SARA CAVACINI**

94.    Defendants incorporate their responses to paragraphs 1-60.

95.    Defendants admit that there is a cause of action for false light invasion of privacy under Florida law, but deny that it occurred in this case.

96.    These Defendants deny the allegations in this paragraph.

97.     These Defendants admit the cases cited in this paragraph exist, but deny that those cases provide a full representation of the law applicable to this case.

98.     These Defendants admit the existence of the May 19, 2021 article as depicted in this paragraph.

99.     These Defendants admit the publication of the article in this paragraph and that Ms. Cavacini was the author and *Palatka Daily News* was the publisher.

100.    These Defendants admit that the quoted language appeared in the article.

101.    These Defendants admit that the quoted material was published in the article.

102.    These Defendants deny the allegations in this paragraph.

103.    These Defendants deny the allegations in this paragraph.

104.    These Defendants deny the allegations in this paragraph.

105.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph regarding access and use of the computers.

106.    These Defendants deny the allegations in this paragraph.

107.    These Defendants admit that the quoted material was published in the article.

108.    These Defendants deny the allegations in this paragraph.

109.    These Defendants deny the allegations in this paragraph.

110.    These Defendants deny the allegations in this paragraph.

111.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

112.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

113.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

114.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

115.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

116.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

117.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

118.    These Defendants deny the allegations in this paragraph.

119.    These Defendants deny the allegations in this paragraph.

120.    These Defendants deny the allegations in this paragraph.

121.    These Defendants deny the allegations in this paragraph.

122.    These Defendants deny the allegations in this paragraph.

123.    These Defendants deny the allegations in this paragraph.

124.    These Defendants deny the allegations in this paragraph.

**COUNT IV**
**DEFAMATION**
**COMMON LAW (DEFENDANTS MYERs, SHARP, DeLOACH**

125.    Defendants incorporate their responses to paragraphs 1-53.

126.    These Defendants deny the allegations in this paragraph.

127.    These Defendants admit these general legal principles but deny that they represent all of the legal principles applicable to this case.

128.    These Defendants admit that the legal principles stated relate to this case and deny that they are the complete legal principles applicable to the case.

129.    These Defendants deny the allegations in this paragraph.

130.    These Defendants admit the legal principles cited are to be considered but deny they are a complete statement of the legal principles applicable to this case.

131.    These Defendants deny the allegations in this paragraph.

132.    These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are not all the legal principles applicable to this case.

133.    These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are not all the legal principles applicable to this case.

134.    These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are not all the legal principles applicable to this case.

135.    These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are not all the legal principles applicable to this case.

136.    These Defendants deny the allegations in this paragraph.

137.    These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are not all the legal principles applicable to this case.

138.    These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are not all the legal principles applicable to this case.

139.    These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are not all the legal principles applicable to this case.

140.   These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are not all the legal principles applicable to this case.

141.   These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are not all the legal principles applicable to this case.

142.   These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are not all the legal principles applicable to this case.

143.   These Defendants deny the allegations in this paragraph.

144.   These Defendants deny the allegations in this paragraph.

145.   These Defendants deny the allegations in this paragraph.

146.   These Defendants deny the allegations in this paragraph.

147.   These Defendants deny the allegations in this paragraph.

148.   These Defendants deny the allegations in this paragraph.

149.   These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

150.   These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

151.   These Defendants deny the allegations in this paragraph.

152.   These Defendants deny the allegations in this paragraph.

153.   These Defendants deny the allegations in this paragraph.

154.   These Defendants deny the allegations in this paragraph.

155.   These Defendants deny the allegations in this paragraph.

156.   These Defendants deny the allegations in this paragraph.

157.   These Defendants deny the allegations in this paragraph.

158.   These Defendants admit that Plaintiff must prove actual malice to recover against these Defendants.

159.   These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are not all the legal principles applicable to this case.

160.   These Defendants deny the allegations in this paragraph.

161.   These Defendants admit that the quoted language appeared in the article.

162.   These Defendants admit that the quoted language was printed in the article.

163.   These Defendants admit that the quoted language was reported in the article and deny the other allegations in this paragraph.

164.   These Defendants deny the allegations in this paragraph.

165.   These Defendants deny the allegations in this paragraph.

166.   These Defendants deny the allegations in this paragraph.

167.   These Defendants deny the conclusion of paragraph 167 but admit that the cases cited may be relevant to the present case.

168.   These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are all the legal principles applicable to this case.

169.   These Defendants deny the allegations in this paragraph.

170.   These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are all the legal principles applicable to this case.

171.   These Defendants deny the allegations in this paragraph.

172.   These Defendants admit the allegations in this paragraph.

173.   These Defendants deny the allegations in this paragraph.

174.   These Defendants deny the allegations in this paragraph.

175.   These Defendants deny the allegations in this paragraph.

176.   These Defendants deny the allegations in this paragraph.

177.   These Defendants admit the legal principles stated in this paragraph are applicable but deny that they are all the legal principles applicable to this case.

178.   These Defendants deny the allegations in this paragraph.

179.   These Defendants deny the allegations in this paragraph.

180.   These Defendants deny the allegations in this paragraph.

**COUNT V**
**42 U.S.C. § 1983 - UNREASONABLE SEARCH AND SEIZURE**
**U.S. CONST. AMEND. IV**
**(DEFENDANTS MYERS, SHARP, DeLOACH, AND THE**
**CITY OF CRESCENT CITY)**

181.   Defendants incorporate their responses to paragraphs 1-60.

182.   These Defendants admit the quoted language of the Code section.

183.   These Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

184.   These Defendants admit the quoted language of the amendment.

185.   These Defendants admit the allegations in this paragraph.

186.   These Defendants admit the legal principle stated in this paragraph, but they deny that they are all the legal principles applicable in this case.

187.   These Defendants admit the legal principles cited in this case but deny that they are all of the legal principles applicable to this case.

188.   These Defendants admit the legal principles cited but deny they are all the principles applicable to this case.

189.   These Defendants admit the legal principles cited but deny they are all the principles applicable to this case.

190.   These Defendants deny the allegations in this paragraph.

191.   These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

192.   These Defendants admit the legal principles cited but deny they are all the principles applicable to this case.

193.   These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

194.   These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

195.   These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

196.   These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

197.   These Defendants deny the allegations of this paragraph.

198.   These Defendants deny the allegations of this paragraph.

199.   These Defendants acknowledge the claims asserted by Plaintiff in this paragraph but deny that he is entitled to recover of Defendants.

**COUNT VI**
**42 U.S.C. § 1985(3) - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**
**U.S. Const. Amend. IV**
**(Defendants Myers, Sharp and H.D. DeLoach)**

200.   These Defendants incorporate their responses to paragraphs 1-60 and 181-199.

201.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

202.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

203.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

204.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

205.    These Defendants deny the allegations of this paragraph.

206.    These Defendants deny the allegations of this paragraph.

207.    These Defendants deny the allegations of this paragraph.

208.    These Defendants deny the allegations of this paragraph.

209.    These Defendants deny the allegations of this paragraph.

**COUNT VII**
**DEPRIVATION OF EQUAL PROTEDCTION**
***MONELL* CLAIM - MUNICIPAL LIABILITY**
**U.S. Const. Amend. XIV**
**(The City of Crescent City)**

210.    These Defendants incorporate their responses to paragraphs 1-60 of the Complaint.

211.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

212.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

213.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

214.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

215.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

216.    These Defendants deny the allegations of this paragraph.

217.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

218.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

219.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

220.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

221.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

222.    These Defendants admit the legal principles cited in this paragraph but deny they are all the principles applicable to this case.

223.    These Defendants deny the allegations of this paragraph.

224.    These Defendants deny the allegations of this paragraph.

225.    These Defendants deny the allegations of this paragraph.

226.    These Defendants deny the allegations of this paragraph.

227.   These Defendants deny the allegations of this paragraph.

**COUNT VIII**
**VIOLATIONS OF THE STORED COMMUNICATIONS ACT (SCA)**
**18 U.S.C. § 2701 et seq.**
**(Myers, sharp, DeLoach and the City of Crescent City)**

228.   These Defendants incorporate their responses to paragraphs 1-60.

229.   These Defendant admit the legal statements in this paragraph but deny that these are all the law applicable to this case.

230.   These Defendant admit the legal statements in this paragraph but deny that these are all the law applicable to this case.

231.   These Defendant admit the legal statements in this paragraph but deny that these are all the law applicable to this case.

232.   These Defendant admit the legal statements in this paragraph but deny that these are all the law applicable to this case.

233.   These Defendant admit the legal statements in this paragraph but deny that these are all the law applicable to this case.

234.   These Defendant admit the legal statements in this paragraph but deny that these are all the law applicable to this case.

235.   These Defendant admit the legal statements in this paragraph but deny that these are all the law applicable to this case.

236.   These Defendant admit the legal statements in this paragraph but deny that these are all the law applicable to this case.

237.   These Defendant admit the legal statements in this paragraph but deny that these are all the law applicable to this case.

238.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

239.    These Defendant admit the legal statements in this paragraph but deny that they constitute all legal principles applicable to this case.

240.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

241.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

242.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

243.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

244.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

245.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

246.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

**COUNT IX**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**Common Law**
**(All Defendants)**

247.    These Defendant incorporate their responses to paragraphs 1-60 of the Complaint.

248.    These Defendants deny the allegations of this paragraph.

249.     These Defendants admit the legal descriptions in this paragraph but deny that these are all the legal principles applicable to this case.

250.     These Defendants deny the allegations of this paragraph.

251.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

252.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

253.     These Defendants deny the allegations of this paragraph.

254.     These Defendants deny the allegations of this paragraph.

255.     These Defendants deny the allegations of this paragraph.

256.     These Defendants deny the allegations of this paragraph.

257.     These Defendants deny the allegations of this paragraph.

**COUNT X**
**NEGLIGENCE**
**Common Law**
**(All Defendants)**

258.     These Defendants incorporate their responses to paragraphs 1-60.

259.     These Defendants admit the legal principle asserted in this paragraph but deny that they are all of the legal principles applicable to this case.

260.     These Defendants deny the allegations of this paragraph because the duty owed to Plaintiff was not to publish with actual malice and these Defendants did not commit any act with actual malice.

261.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

262.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

263.    These Defendants deny the allegations of this paragraph.

264.    These Defendants deny the allegations of this paragraph.

265.    These Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

266.    These Defendants deny the allegations of this paragraph.

267.    These Defendants deny the allegations of this paragraph.

### COUNT XI
### TORTIOUS CONDUCT OF FICTITIOUS DEFENDANTS
### Common Law
### (Defendants John/Jane Does 1-20 and ABC Entities 1-20)

268.    These Defendants incorporate their responses to paragraphs 1-60.

269.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

270.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

271.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

272.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph, and also assert that Plaintiff's naming of any other parties Defendant must be in compliance with the Federal Rules of Civil Procedures.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The material published by Defendants and complained of by Plaintiff is protected under, and Plaintiff's claims against these Defendants are barred by, the First and Fourteenth Amendments to the Constitution of the United States and by Article I, Sec. IV of the Florida Constitution.

### SECOND DEFENSE

The published material complained of by Plaintiff was prepared by Defendants in good faith and without actual malice pursuant to the Defendants' right to inform the public on matters about which the public has a right to be informed.  Said material was published in the exercise of Defendants' constitutionally protected rights of freedom of speech and freedom of the press, guaranteed and secured by the First and Fourteenth Amendments to the Constitution of the United States, and by the Constitution of the State of Florida.

### THIRD DEFENSE

Should the published material complained about in the Plaintiff's Complaint contain any statement or depiction which can be construed as defamatory of Plaintiff, any such statement was published without malice and is privileged as a matter of law.

### FOURTH DEFENSE

The published material complained of by Plaintiff and published by Defendants is true or substantially true and is therefore privileged.

## FIFTH DEFENSE

Plaintiff is a public official or public figure and may not recover in this case without proof of actual malice.  The Defendants published without malice of any sort and the Complaint should be dismissed.

## SIXTH DEFENSE

Plaintiff's Complaint seeks the recovery of punitive damages and recovery of such damages would be unconstitutional because their recovery in this case would amount to a denial of due process and a penalty in violation of the Constitution of the United States.

## SEVENTH DEFENSE

Defendants are not liable to Plaintiff for punitive or exemplary damages because any published material complained of by Plaintiff was published without actual malice.

## EIGHTH DEFENSE

The material complained of by Plaintiff and published by Defendants is privileged because it was published in the belief that the statements constituted fair and neutral reporting concerning matters of general public interest and concern.

WHEREFORE, these Defendants deny that Plaintiff is entitled to any of the relief prayed for in the Complaint against these Defendants, and further assert that Defendants be awarded their attorney fees and costs of defense upon making a proper showing of entitlement to that relief.

This 23rd day of March, 2022.

BROOKS RATHETT
Florida Bar No. 77658

**BROMAGEN, RATHET, KLEE & SMITH P.A.**
135 2nd Ave N Ste 1
Jacksonville Beach, FL 32250-6946

01627415-1                          25

P:  (904) 242-0860
brooks.rathet@bromagenlaw.com

DAVID E. HUDSON
Georgia Bar No. 374450

**HULL BARRETT, P.C.**
P. O. Box 1564
Augusta, GA  30903-1564
P:  (706) 722-4481
Dhudson@hullbarrett.com

*ADMITTED IN THIS CASE BY SPECIAL ORDER*

By:    s/s  David E. Hudson

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I certify that the foregoing will be served on counsel through electronic notice sent

by the EMF filing system of the Court:

Rook Elizabeth Ringer
Lento Law Group, P.A.
222 San Marco Avenue, Suite C
St. Augustine, FL  32084

Joseph D. Lento
Lento Law Group
1500 Market Street - 12th Floor
East Tower
Philadelphia, PA  19106

This 23rd day of March, 2022.

*s/s    David E. Hudson*
DAVID E. HUDSON