UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**BRETT PETERSON,**

    **Plaintiff,**

v.                                                   Case No. 3:22-cv-00090-TJC-PDB

**MICHELE MYERS, et al.,**

    **Defendants.**

_____/

**DEFENDANT H.D. DELOACH'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT, WITH PREJUDICE**

COMES NOW Defendant H.D. DELOACH, sued in his official capacity as Sheriff of Putnam County, Florida, and hereby files this Motion to Dismiss Plaintiff's Complaint (ECF No. 1, hereinafter "Complaint"), with prejudice, pursuant to Rules 8, 10, and 12, Federal Rules of Civil Procedure, and in support thereof, states as follows:

    **I.**     **BACKGROUND**

Defendant H.D. DeLoach ("Sheriff DeLoach") is the Sheriff of Putnam County, Florida. Complaint, ¶ 7. Sheriff DeLoach is sued in his official capacity, only. Sheriff DeLoach was not personally involved in any of the events referenced in Plaintiff's Complaint, and Plaintiff brings no claims against Sheriff DeLoach in his individual capacity.

Accordingly, Plaintiff's claims against Sheriff DeLoach are actually claims brought against the entity Sheriff DeLoach represents – namely, the office of Sheriff of Putnam County, Florida. *See, e.g., Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1115 (11th Cir. 2005).

Plaintiff's claims – as they relate to Sheriff DeLoach – are based exclusively[1] on the alleged actions of his Deputy Alex Sharp. Rather than restate them at length here, Sheriff DeLoach references and incorporates the factual background, legal standards, and applicable legal arguments[2] presented in Deputy Sharp's Motion to Dismiss Plaintiff's Complaint [ECF No. 15].

Each of Plaintiff's claims against Deputy Sharp is fatally deficient and due to be dismissed, with prejudice. For the most part, Plaintiff's inability to establish a plausible claim of liability against Deputy Sharp, individually, requires dismissal of Plaintiff's claims against Sheriff DeLoach in his official capacity. Sheriff DeLoach, as a municipality, has additional legal defenses available to him as presented below.

---

[1] The only other Putnam County Sheriff's Office employee mentioned in Plaintiff's Complaint is spokeswoman Allison Waters-Merritt, who is referenced only in Count III, Plaintiff's false light claim. As noted below, such a claim does not exist in Florida.

[2] Sheriff DeLoach <u>does not</u> incorporate Deputy Sharp's arguments related to statutory immunity under section 768.28(9)(a), Florida Statutes (for the claims brought pursuant to state law), or principles of qualified immunity (for the federal claims). Those arguments do not apply to claims against a municipality.

Plaintiff has brought the following claims against Sheriff DeLoach:

<u>State Law</u>

Count I – Tortious Invasion of Privacy – Intrusion

Count II – Tortious Invasion of Privacy – Public Disclosure of Private Facts

Count III – Tortious Invasion of Privacy – False Light

Count IV – Defamation

Count IX – Intentional Infliction of Emotional Distress

Count X – Negligence

<u>Federal Law</u>

Count V – Unreasonable Search and Seizure (§ 1983)

Count VI – Conspiracy to Interfere with Civil Rights (§ 1985(3))

Count VIII – Violations of the Stored Communications Act (§ 2701, et seq.)

## II.     PLAINTIFF'S STATE LAW CLAIMS

Pursuant to section 768.28(9)(a), Florida Statutes, "[t]he exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers is by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of

3

human rights, safety, or property."

In the instant case, Plaintiff has not alleged any facts to suggest that Deputy Sharp in any way acted in bad faith, with malicious purpose, or with a wanton and willful disregard for human rights, safety, or property. Rather, Plaintiff makes only passing, conclusory reference to those buzzwords contained in section 768.28 [Complaint, ¶¶ 2, 17]. Accordingly, pursuant to Florida law, Sheriff DeLoach, in his official capacity as Sheriff of Putnam County, Florida, is the only proper defendant for Plaintiff's state law claims related to the alleged acts or omissions of Deputy Sharp.

Nonetheless, Plaintiff's Complaint fails to establish a claim for liability against Deputy Sharp under any existing cause of action under state law. Accordingly, irrespective of the provisions contained in section 768.28, each of Plaintiff's state law claims against Sheriff DeLoach is due to be dismissed, with prejudice.

### Count I – Tortious Invasion of Privacy – Intrusion

As discussed in Deputy Sharp's Motion to Dismiss Plaintiff's Complaint, Deputy Sharp did not electronically intrude into Plaintiff's private quarters. Any "intrusion" that may have occurred took place 12 days before Deputy Sharp became involved.

Having failed to allege facts to support his threadbare assertion that Deputy

Sharp "intruded" in any manner, Plaintiff's intrusion claim against Sheriff DeLoach fails. Because Deputy Sharp's actions can never support an intrusion claim, dismissal should be with prejudice.

**Count II – Tortious Invasion of Privacy – Public Disclosure of Private Facts**

Plaintiff has not alleged that Deputy Sharp or anyone with the Sheriff's Office published anything. In fact, Plaintiff's entire "publication" claim appears to be based on some variation of the principle of *res ipsa loquitur* – namely, that because a news reporter was able to report on Plaintiff's internet use, an employee of the Sheriff's Office must have released the information. Complaint, ¶ 82 ("Evidence of the fact that Defendants Myers, Sharp, and DeLoach released this information to the public is inherent in the fact that the Defendant Cavacini was able to report on it in the Palatka Daily News.") This argument fails, as it does not account for the possibility that someone other than a Sheriff's Office employee provided the news reporter with information regarding Plaintiff's internet use.

Plaintiff's public disclosure of private facts claim against Sheriff DeLoach fails, and is due to be dismissed, with prejudice.

**Count III – Tortious Invasion of Privacy – False Light**

Plaintiff's false light claim fails because Florida law does not recognize such a cause of action. *Dowbenko v. Google Inc.*, 582 F. App'x 801, 804 (11th Cir. 2014) (*citing Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1100 (Fla. 2008)); *see also Anderson*

*v. Gannett Co. Inc.*, 994 So. 2d 1048, 1051 (Fla. 2008) ("false light" cause of action never existed at common law.) This claim should be dismissed, with prejudice.

### Count IV – Defamation

Plaintiff's defamation claim against Sheriff DeLoach fails, as Plaintiff has not alleged facts to establish the elements of that claim. First, Deputy Sharp did not "publish" anything. Second, nothing in Deputy Sharp's report was false. Nor did any statement by any employee of the Sheriff's Office make a statement that created a false impression. Third, no statement of Deputy Sharp caused Plaintiff actual damages. Fourth, Deputy Sharp made no defamatory statements.

In any event, even if Plaintiff could otherwise establish the elements of a defamation claim against Sheriff DeLoach, his claim would nonetheless fail, as Sheriff DeLoach enjoys an absolute privilege related to his office's involvement in preparing the subject report.

Under Florida law, "[p]ublic officials who make statements within the scope of their duties are absolutely immune from suit for defamation." *Stephens v. Geoghegan*, 702 So. 2d 517, 522 (Fla. 2d DCA 1997). This "absolute privilege protects the statements of all public officials, regardless of the branch of government or the level of the official." *Cassel v. India*, 964 So. 2d 190, 194 (Fla. 4th DCA 2007).

If a public official has absolute immunity against claims for defamation, then the public employer cannot be liable for defamation where the liability is

premised on respondeat superior. *Medina v. City of Hialeah*, No. 02–20957–CIV, 2003 WL 1562281, at *2 (S.D. Fla. Mar. 24, 2003) (citation omitted); *see also Murphy v. City of Aventura*, No. 08–20603–CIV, 2008 WL 4540055, at *5 n. 3 (S.D. Fla. Oct. 10, 2008) (stating the city would not be liable for defamation if the defendant city manager was found to possess absolute immunity (citation omitted)); *Saxon v. Knowles*, 185 So. 2d 194, 196 (Fla. 4th DCA 1966) ("The alleged liability of the city is based solely on the doctrine of respondeat superior. Exoneration of the city manager necessarily requires the exoneration of his employer, the City of Sanford." (citation omitted)).

Plaintiff's defamation claim against Sheriff DeLoach fails, and is due to be dismissed, with prejudice.

**Count IX – Intentional Infliction of Emotional Distress**

Plaintiff's intentional infliction of emotional distress claim against Sheriff DeLoach is based on the allegation that Deputy Sharp "tortiously invad[ed] into the private online quarters of Plaintiff…" Complaint, ¶ 251. As discussed above, Deputy Sharp conducted no such invasion.

None of Deputy Sharp's actions can be considered "outrageous," "extreme," atrocious," or "utterly intolerable" conduct that would support an intentional infliction of emotional distress claim. For these reasons, Plaintiff's intentional infliction of emotional distress claim against Sheriff DeLoach is due to be

7

dismissed, with prejudice.

### Count X – Negligence

Plaintiff's negligence claim against Sheriff DeLoach fails, and should be dismissed, with prejudice.

The only "duty" identified by Plaintiff in support of his negligence claim is a duty "to refrain from infringing on Plaintiff's constitutionally-protected rights, privileges, or immunities…" Complaint, ¶ 261. As noted in his Motion to Dismiss Plaintiff's Complaint [ECF No. 15, pp. 20-22], Deputy Sharp did not violate any constitutionally-protected right of Plaintiff. As Plaintiff has not identified any other purported duty, Plaintiff's negligence claim against Sheriff DeLoach fails and should be dismissed, with prejudice.

### III.   PLAINTIFF'S FEDERAL CLAIMS

### Count V – Unreasonable Search and Seizure (§ 1983)

Plaintiff's unreasonable search claim against Sheriff DeLoach fails. As discussed in greater detail in Deputy Sharp's Motion to Dismiss Plaintiff's Complaint, Deputy Sharp did not "search" anything owned by or under the control of Plaintiff. Moreover, based on compelling case law, Plaintiff cannot establish that he has an expectation of privacy in what was contained on the City's computer, or in the contents of his Google Account – especially when he took no steps to maintain a privacy interest. For these reasons, Plaintiff's unlawful search claim

against Sheriff DeLoach is due to be dismissed, with prejudice.

Even if Plaintiff could establish an unlawful search on the part of Deputy Sharp, Plaintiff's claim against Sheriff DeLoach would nonetheless fail for an additional reason. It is axiomatic that a governmental entity is not liable for its employees' actions under § 1983 based on the theories of respondeat superior or vicarious liability. *See Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994). To establish liability against a governmental entity (such as a Florida Sheriff sued in his official capacity), there must be evidence of a policy, custom, practice, or procedure that provided the moving force behind the alleged constitutional violation. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694-95 (1978). A "policy" is a decision officially adopted by the governmental entity, and a "custom" is an unwritten practice applied consistently enough to have the same effect as a policy with the force of law. *Goebert v. Lee County*, 510 F.3d 1312, 1332 (11th Cir. 2007). (citation omitted). To establish the existence of a custom, a persistent and widespread practice must generally be shown. *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004). Normally, random acts or isolated incidents will not suffice. *Id*. (citations omitted). To constitute a policy or custom, a practice must be so well-settled that it shows a force of legislative pronouncement. *Anderson v. City of Atlanta*, 778 F.2d 678, 686–87 (11th Cir. 1985).

In the instant case, Plaintiff does not allege the existence of a custom, policy,

or practice of Sheriff DeLoach that was the moving force behind any alleged constitutional violation. Plaintiff's unlawful search claim against Sheriff DeLoach fails for this additional reason, and should be dismissed.

### Count VI – Conspiracy to Interfere with Civil Rights (§ 1985(3))

Plaintiff's §1985(3) claim against Sheriff DeLoach fails. Plaintiff provides no factual support for his claim that any Defendant conspired with any other Defendant. Even if he did, his conspiracy claim under § 1985(3) is still due to be dismissed, with prejudice.

To prove a private conspiracy in violation of the first clause of § 1985(3), "a plaintiff must show, inter alia, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' actions, and (2) that the conspiracy aimed at inferring with rights that are protected against private as well as official encroachment." *Park v. City of Atlanta*, 120 F.3d 1157, 1161 (11th Cir. 1997) (*quoting Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–78 (1993)). Of course, Plaintiff makes no claims related to racial or class-based discriminatory animus, and none exists under the facts of this case.

Moreover, as with Plaintiff's § 1983 claim, even if Deputy Sharp participated in a conspiracy, Plaintiff's § 1985 claim cannot be brought against Sheriff DeLoach on a theory of vicarious liability. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 650 (11th Cir. 1983) (*citing Monell*, 436 U.S. at 691–94; *Baskin v. Parker*,

10

602 F.2d 1205, 1207–09 (5th Cir. 1979); *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979), cert. denied, 444 U.S. 980 (1979)).

For these reasons, Plaintiff's §1985(3) claim against Sheriff DeLoach should be dismissed, with prejudice.

### Count VIII – Violations of the Stored Communications Act

As with every other claim against Sheriff DeLoach, Plaintiff's violation of the Stored Communication Act ("SCA") claim is entirely without merit, and due to be dismissed, with prejudice. Under the SCA, anyone who "intentionally accesses without authorization a facility through which an electronic communication service is provided; or ... intentionally exceeds an authorization to access that facility; and thereby obtains ... access to a wire or electronic communication while it is in electronic storage in such system" may be liable. *Brown Jordan International, Inc. v. Carmicle*, 846 F.3d 1167 (11th Cir. 2017); 18 U.S.C. §§ 2701(a), 2707.

Here, Deputy Sharp did not access a facility through which an electronic communication service is provided. Nor did he obtain access to a wire or electronic communication. Plaintiff's allegations are insufficient to state a claim for violation of the SCA against any Defendant. The claim should be dismissed, with prejudice.

### IV. RULE 8 AND 10 STANDARDS

Plaintiff's Complaint should be dismissed, with prejudice, for the reasons stated above. However, should any claim against Sheriff DeLoach survive

dismissal on the merits, Plaintiff should nonetheless be required to file an amended complaint that complies with applicable rules of pleading.

The instant Complaint violates Rule 8 and Rule 10, Federal Rules of Civil Procedure. Rule 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires parties to "state their claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff's Complaint is replete with narrative, argument, conjecture, and even hypothetical and rhetorical questions which a responsive pleading cannot answer. It is the antithesis of the "short and plain statement" that Rule 8 requires.

## V. CONCLUSION

For the reasons stated above, Sheriff DeLoach respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint against him, and any other relief this Court deems proper.

### 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the undersigned conferred with counsel for Plaintiff via telephone, and was advised that the Plaintiff does not agree to the relief sought herein.

Respectfully submitted this 25th day of March, 2022.

*/s/ Matthew J. Carson*
**MICHAEL P. SPELLMAN**
Florida Bar Number: 0937975
mspellman@sniffenlaw.com
**MATTHEW J. CARSON (Lead Counsel)**
Florida Bar Number: 0827711
mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Defendant Sheriff DeLoach*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via the Court's CM/ECF system to counsel of record this 25th day of March, 2022.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**

13