UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| BRETT PETERSON,<br><br>　　　Plaintiff,<br><br>v.<br><br>MICHELE MYERS, et al.,<br><br>　　　Defendants. | Case No. 3:22-cv-00090-TJC-PDB |

**PLAINTIFF BRETT PETERSON'S RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANTS CITY OF CRESCENT CITY AND MICHELE MYERS AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW Plaintiff BRETT PETERSON, and hereby files this Response in Opposition to the Motion to Dismiss of Defendants CITY OF CRESCENT CITY, FLORIDA (hereinafter, the "City"), and MICHELE MYERS (hereinafter, "Myers") (hereinafter collectively, the "Defendants") [Dkt. #20] (hereinafter, the "Motion to Dismiss"), and in support thereof, states as follows:

　　1.　　On January 25, 2022, the Plaintiff filed his Complaint against. [Dkt. #1].

　　2.　　On March 24, 2022, the Defendants filed their Motion to Dismiss. [Dkt. #20].

**MEMORANDUM OF LAW**

The threshold for surviving a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am.

Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir.1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46, (1957)). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. (*citing* Sanjuan v. American Board of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir.1994)). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95.

Because of the liberal pleading requirements of the Federal Rules, rarely will a motion to dismiss for failure to state a claim be granted. Quality Foods, 711 F.2d at 995. Indeed, such a motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (*quoting* Conley, 355 U.S. at 45–46, 78 S.Ct. at 102; *accord* McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 602 (5th Cir.1981); Quinonez v. Nat'l Ass'n of Sec. Dealers, Inc., 540 F.2d 824, 826-827 (5th Cir. 1976). Furthermore, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v.Iqbal, 556 U.S. 662, 678 (2009).

    **I.**    **Claims Against Myers in her Official v. Individual Capacity.**

To begin, the Defendants argue that the claims against Myers in her individual and official capacities are confused. On the other hand, the Complaint is clear enough in its differentiation, given that most of the claims against Myers individually are specific tort claims, and where all of the allegations have been pleaded as having been in bad faith and with malicious purpose. (*See*, *Complaint*, ¶ 2, 17). Furthermore, the Complaint specifically describes the nature of Myers's bad faith and malicious purpose, describing her efforts to obtain the Plaintiff's passwords and Google account information to be used in a smear campaign to keep him from being able to successfully campaign against her for the office of mayor.

Unfortunately for Myers, she was caught with her hands in the proverbial cookie jar, because she – like apparently all of the other Defendants in the instant case – have only a rudimentary understanding of the way that Internet sites like Google work. No adult with even a basic understanding of computers could possibly think that Myers's "evidence" showed even a remote possibility of an "intrusion", and the fact that the other Defendants went along with Myers's conspiracy proves that they were as technologically incompetent as she. The Defendants' claims that she, "acted responsibly in assuring no security breaches" were in her computer is patently offensive to the very concept of "responsibility". (*See, Motion to Dismiss*, p. 7). Unfortunately, much of the arguments in the Motion to Dismiss prove that the Defendants are *still* ignorant of how Google Accounts work.

   I. **The Plaintiff had a reasonable expectation of privacy in his Google Account, which was not located within the City's Computer.**

Florida law defines intrusion as "physically or electronically intruding into one's private quarters." <u>Allstate Ins. Co. v. Ginsberg</u>, 863 So.2d 156, 162 (M.D. Fla. Sept. 18, 2003). "Even though publication is not required, the focus of the tort is nonetheless 'the right of a private person to be free from public gaze.'" <u>Oppenheim v. I.C. System, Inc.</u>, 695 F.Supp.2d 1303, 1308-09 (*citing*, <u>Ginsberg</u>, *supra.*)

However, the Defendants' arguments regarding the reasonable expectation of privacy and the ownership of the computer betray their ignorance of the concepts at hand, even though they were explained in detail in the Complaint. In fact, the Defendants devote pages of arguments to discussing workplace computer searches and other irrelevant nonsense.

Although the Plaintiff devoted an entire section of the Complaint to explaining how Google Accounts work (*Complaint*, ¶¶ 20-27), the Defendants' counsel is still unwilling or unable to recognize the fact that Google Accounts are not stored on a personal computer, but are instead a off-site server that Myers and her agents accessed illegally.

In fact, as noted in the Complaint, the Forensic Report completed by Alex Sharp of the Putnam County Sheriff's Office proves *indisputably* that Myers illegally accessed the Plaintiff's Google Account in order to obtain his passwords and build an Excel spreadsheet of those passwords, likely for more nefarious and illegal political shenanigans. As stated in the Complaint, Alex Sharp explained that the spreadsheet of passwords was created on March 24, 2021 – *months after the Plaintiff left office, and during the period where the computer in question was under the sole dominion and control of*

*Myers* – and was created by accessing the Plaintiff's Google Account remotely. Alex Sharp explained:

> This is a feature of Google, where you can export all user names and stored passwords from the Google Chrome web browser.
>
> (*Complaint*, Ex. "A", p. 3, ¶ 1).

In other words, what Myers did was a rudimentary form of "hacking".

The Defendants' further attempts to compare hacking a Google Account to accidentally leaving a USB drive on public property and other completely different situations further bely the Defendants' misunderstanding of the technology involved. The cases that the Defendants cites are almost universally criminal cases involving motions to suppress evidence obtained via search warrants for computers or USB drives. It is indisputable that no search warrant authorizing any search was involved in Myers's criminal actions in hacking Peterson's Google Account. The very premise is ridiculous.

For example, the Defendants cite to United States v. Angevine, 281 F.3d 1130, 1132 (10th Cir. 2002), which was a criminal case involving a professor who used a university computer to download to that computer over 3,000 pornographic images of young boys. In that case, the defendant had used the employer's computer to access and download the files. Those files existed on the university's computer. That was not even remotely similar to what happened here.

Here, sure…Mr. Peterson accidentally left his Google Account logged in, but he had never used the work computer for any untoward activity, as the professor did in

Angevine. To the contrary, Alex Sharps report proves that point, as he concluded that nothing pornographic had ever been accessed or downloaded to that computer.

To the contrary, this is not comparable to cases like Angevine or Edwards v. State, 274 So. 3d 1222, 1228 (Fla. 3d DCA 2019), or any of the other irrelevant case-law cited in the Motion to Dismiss because the Defendants simply either do not understand the technology being discussed or are deliberately attempting to mislead the Court.

In Edwards – another criminal case that has no application herein – the issue was whether an employee has a reasonable expectation of privacy on a work computer or USB device left attached to a work computer. In United States v. Durdley, 436 Fed. Appx. 966, 968 (11th Cir. 2011), it also involved a motion to suppress evidence found – once again – on the actual computer. The Defendants' case-law consists solely of cherry-picking phrases wholly unconnected to even the type of law or case being discussed, in the apparent hopes that this Court is easily misled.

In fact, a much more analogous situation would be the following: Consider if instead of Peterson leaving his Google Account logged in, it was instead his bank account. Now, would it not have been an invasion of Mr. Peterson's privacy for Myers to then access his financial records and download them to a spreadsheet where she could examine them later to determine whether she could use that information for political purposes?

Or perhaps consider if Mr. Peterson had accidentally left his backup car keys in his desk drawer at the mayor's office. If Myers then takes those keys and drives off in

Peterson's car, is that suddenly not a theft because he had carelessly left the keys in the desk?

This is basic common sense.

## II. Tortious Invasion of Privacy is Accurately and Adequately Pleaded.

The Complaint states that Myers tortiously intruded upon the Plaintiff's private Google Account and stole passwords and other information for her own political use. The Defendants attempt to argue that "no physical or electronic intrusion into Plaintiff's private space took place by Myers," and even ludicrously goes so far as to say that the City, "had every right, if not the duty" to do so.

Not only is the Motion to Dismiss directly conflating the forensic investigation of the computer, which was arguably lawful, with Myers's hacking of the Google Account on or about March of 2021, but it misstates the law and the application thereof. Once again, consider the banking account or car keys scenarios. Or even consider if Peterson had accidentally left a combination to a safe deposit box located in a local bank written on a notepad in the desk. Imagine even that the notepad belonged to the City. Do the Defendants seriously believe that that would grant the City or Myers the "right" to march down to the bank and inspect that safe deposit box? Rarely is an argument presented in a legal pleading as utterly offensive to American jurisprudence and Constitutional rights of privacy as that which is advanced in the Motion to Dismiss.

## III. The Violations of the Stored Communications Act are Well Pleaded.

Contrary to what the Defendants have pleaded, the arguments presented in the Motion to Dismiss are again completely irrelevant. As stated in the Complaint, the Plaintiff has alleged that, among other things:

> 241. Specifically, Defendant Michele Myers had unauthorized access to Plaintiff's entire Google Account – providing her access to such things as Plaintiff's emails, Google Drive, and private browser history – for a period of six months, during which time she compiled a spreadsheet listing the usernames and passwords of Plaintiff's various online accounts.

(*Complaint*, ¶ 241).

In other words, Myers accessed the off-site Google Accounts server and then downloaded Mr. Peterson's password credentials in March of 2021. This is specifically proved by Alex Sharp's Forensic Report. The Defendants' hyperfocus on the browsing history (which could not be accessed from the work computer itself without hacking into Peterson's Google Account) is unfounded, and again misunderstands basic computer and Internet concepts.

### IV.   CONCLUSION

In sum, in the Defendants' instant Motion to Dismiss, the Defendants rely upon primarily either a complete ignorance of understanding the technological concepts presented in the Complaint or are deliberately misleading the Court. The arguments presented cannot have been put forth in good faith, because they make no sense in light of those technological issues. What is even more ridiculous is then arguing that the Complaint is too long, as in Section VII of the Motion to Dismiss, where the Plaintiff has clearly and painstakingly explained these technological concepts, and yet

the Defendants are acting as if they still do not understand what has been pleaded therein.

For the reasons stated above, and given the authorities cited, it is clear that Plaintiff has satisfied his burden in establishing *prima facie* claims with respect to all of the causes of action raised in Plaintiff's Complaint. Further, to the extent that this Court disagrees, and finds that Plaintiff has failed to state a claim for which relief may be granted with respect to any Count of Plaintiff's Complaint, Plaintiff respectfully requests that the Court nonetheless permit said claims to stand such that Plaintiff may engage in meaningful discovery to uncover facts which are supportive of Plaintiff's claims, and to which Plaintiff would not otherwise have access, after which time Plaintiff will then seek leave to amend his Complaint to more fully satisfy Plaintiff's burden. Dismissal with prejudice, as the Defendants seek, would be wholly premature and improper.

WHEREFORE, the Plaintiff respectfully requests that Defendant DeLoach's instant Motion to Dismiss Plaintiff's Complaint be denied in its entirety, and for any and all other relief as this Court sees fit in the interests of justice.

Respectfully submitted,

Dated: May 20, 2022

_____
**ROOK ELIZABETH RINGER, ESQUIRE**
FL State Bar No. 1015698
**LENTO LAW GROUP, P.A.**
222 San Marco Ave., Ste. C
St. Augustine, Florida 32084
(T) (904) 602-9400

(F) (904) 299-5400
reringer@lentolawgroup.com
*Attorney for Plaintiff, Brett Peterson*

### CERTIFICATE OF SERVICE

I, Rook E. Ringer, Esq., **HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via the Court's CM/ECF system to counsel of record on this 20th day of May, 2022.

_____
**ROOK ELIZABETH RINGER, ESQUIRE**