UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| BRETT PETERSON, | ) | Case No. 3-22-CV-90 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHEAST FLORIDA NEWSPAPERS, LLC, d/b/a PALATKA DAILY NEWS, a Georgia business entity, SARAH CAVACINI, et al., | ) ) ) ) ) | |
| | ) | |
| Defendants | ) | |

**REPLY OF NORTHEAST FLORIDA NEWSPAPERS, LLC D/B/A PALATKA DAILY NEWS AND SARAH CAVACINI TO PLAINTIFF'S RESPONSE TO THE PENDING MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants Northeast Florida Newspapers, LLC d/b/a Palatka Daily News and its reporter, Sara Cavacini (hereafter "Newspaper") and reply to the opposition to summary judgment of the Plaintiff (Doc. #35). This Brief will address why Plaintiff has no viable claim under Counts II, III, IV, IX and X asserted against the Newspaper.

**COUNT II – Invasion of privacy by disclosure of private facts.**

The Newspaper has argued that Plaintiff has no viable claim because what was published in the newspaper about him were matters of legitimate public or general interest. *Cape Publications, Inc. v. Hitchner*, 549 So.2d 1374 (Fla. 1989) and *Cason v. Baskin*, 20 So.2s 243, 251 (Fla. 1944). In addition, the article published with information about the Plaintiff did not disclose facts "highly offensive to a reasonable person." *Cape Publications, supra* at 1377; *Spilfogel v. Fox Broad. Co.*, 433 F. Appx. 724, 725 (11 Cir. 2011).

Plaintiff counters this argument by asserting that in *Cape Publications* the information at issue was lawfully obtained. (Doc. #35, p. 7).  Plaintiff asserts that other Defendants in this case inappropriately obtained information about the Plaintiff and released it to the public.

This argument fails because even where a media defendant has "Obtained the information in question in a manner lawful" but from "a source who has obtained it unlawfully," the First Amendment shield still protects the publisher.  *Bartnicki v. Vopper*, 532 U.S. 514, 528, 535 (2001).  Even assuming that other Defendants unlawfully obtained and disclosed information about Plaintiff, the Newspaper has no liability for subsequently publishing that information.

**COUNT III – False light invasion of privacy.**

Plaintiff's Brief does not refute the Newspaper's argument that there is no false light tort for invasion of privacy in Florida.  (Doc. #27-1, p. 7).

**COUNT III – Plaintiff, a public official, cannot meet the strict requirements to sustain a claim for defamation against the Newspaper.**

The Newspaper is entitled to summary judgment on the defamation claim because Plaintiff is a public official and has presented no evidence, much less clear and convincing evidence, that anyone at the Newspaper knew or suspected that false statements of fact were contained in the newspaper article.

Plaintiff first counters this argument by asserting that Plaintiff is a private figure and must only prove negligence in the statements in the article which he contends are false. (Doc. #35, p. 9).  But as Plaintiff concedes, he had only been out of office as Mayor for a period of six months when the Putnam County Sheriff's Office report was published and

information from it was included in the newspaper article. *Id*., p. 10. Plaintiff's argument on this point cannot overcome the controlling authority in *Zerengue v. TSP Newspapers, Inc*., 814 F.2d 1066 (5 Cir. 1987), and *Rosenblatt v. Baer*, 383 U.S. 75, n. 14 (1986), (Doc. #27-1, p. 8), that he remained a public official.

Next, Plaintiff seems to argue that if actual malice can be shown against any of the Defendants in the case, he can prevail on his defamation Count against the Newspaper. But the actual malice showing has to be made against the Defendant Newspaper and Plaintiff has shown nothing of record to counteract the affidavits of the Newspaper employees that they did not know or suspect there was any falsehood in the article. As explained in *Barisha v. Lawson*, 973 F.3d 1304, 1323 (11 Cir. 2020) that is quoted with other authorities by the Newspaper at Doc. #27-1, p. 9, there has to be "clear and convincing" evidence that the Newspaper published with actual knowledge of falsity or a high degree of awareness of probable falsity. Failure to investigate further does not create an issue of fact as to actual malice. Plaintiff's *ipsi dixit* assertions are simply not evidence of the state of mind of the Newspaper employees.

## **COUNT IX – The Plaintiff has no valid claim against the Newspaper for intentional infliction of emotional distress.**

Florida case law is clear that when there is a defense to a defamation claim, Plaintiff cannot successfully pursue that claim by naming it as a claim for infliction of emotional distress. *Fridovich v. Fridovich*, 598 So.2d 65, 69 (1992). Plus, the statements made in the newspaper article would not meet the standard of intending to or recklessly causing severe emotional distress. *Vernon v. Medical Management Associates*, 912 F.Supp. 1549, 1557 (So. Dist. Fla. 1996). Defendants' Brief at Doc. #27-1. *Id*.

In his opposition to summary judgment on this Count, Plaintiff simply asserts, without evidence of record, that his Complaint alone is sufficient to sustain a claim of emotional distress. (Doc. #35, p. 14).

**COUNT X – Plaintiff has no sustainable "negligence" claim against the Newspaper.**

As explained in the Newspaper's initial Brief at Doc. #27-1, p. 11, a plaintiff cannot pursue a negligence claim in the same case where he seeks the same damages due to defamation.

Plaintiff's counter-argument is that the Newspaper was obligated to provide reasonable care in its reporting about the Plaintiff. That is simply wrong. Because Plaintiff is a public official, the Newspaper's duty was not to publish with actual malice. Because Plaintiff has not challenged the unrebutted affidavits of the Newspaper employees that they did not know of any false facts in the article, nor did they suspect any, Plaintiff cannot prevail.

## CONCLUSION

Because the Plaintiff cannot surmount the legal hurdles explained above and in the Newspaper's original brief, his claims against the Newspaper should be dismissed on summary judgment.

WHEREFORE, Defendants pray that summary judgment be granted in their favor and that the Complaint of Plaintiff against them be dismissed.

Respectfully submitted this 26th day of August, 2022.

|  |  |
|---|---|
|  | BROOKS C. RATHET<br>Florida Bar No. 0077658 |
| **BROMAGEN, RATHET,<br>KLEE & SMITH P.A.**<br>625 Atlantic Boulevard<br>Atlantic Beach, Florida 32233<br>(o) 904/242-0860 \| (f) 904.242.0830<br>Brooks@bromagenlaw.com |  |
| **HULL BARRETT, P.C.**<br>Post Office Box 1564<br>Augusta, Georgia  30903-1564<br>(o) 706/722-4481 \| (f) 706.722.9779<br>DHudson@hullbarrett.com | DAVID E. HUDSON<br>Georgia Bar No. 374450<br><br>By: */s/ David E. Hudson*<br>   ATTORNEYS FOR NEWSPAPER DEFENDANTS |

## **CERTIFICATE OF SERVICE**

I certify that the foregoing will be served on counsel of record through electronic notice sent by the EMF filing system of the Court.

This 26th day of August, 2022.

*/s/ David E. Hudson*
DAVID E. HUDSON
