UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRETT PETERSON,

      Plaintiff,                                    Case No.: 3:22-cv-90

v.

MICHELE MYERS, in her official
capacity as Mayor of Crescent City,
Florida, and in her individual capacity;
H.D. DELOACH, in his official
capacity as Sheriff of Putnam County,
Florida; NORTHEAST FLORIDA
NEWSPAPERS, LLC d/b/a PALATKA
DAILY NEWS, a Georgia business
entity; SARAH CAVANCI; THE CITY
OF CRESCENT CITY, FLORIDA;
JOHN/JANE DOES 1-10 (fictitious
individuals) and ABC ENTITIES 1-10
(fictitious entities),

      Defendants.
_____ /

**DEFENDANTS' JOINT RESPONSE TO NICHELLE LYNN
WOMBLE'S MOTION TO WITHDRAW**

      Defendants jointly respond to Plaintiff's Counsel's Motion to Withdraw from representation of Plaintiff in this matter (ECF 42) as follows:

      1      On Friday, May 6, 2023, Nichelle Lynn Womble, contacted attorneys for defendants via email asking for their position on her anticipated motion to withdraw from representation of Mr. Peterson in this

matter. Ms. Womble advised that she had resigned from the Lento Law Group, P.C., which represents Mr. Peterson in the instant lawsuit, and that she would be requesting a 30-60 day extension of the case for assignment of another attorney.

2. Defendants ordinarily consent to reasonable extension requests; however, in this matter, oral argument is set for May 30, 2023 on Motions to Dismiss the Complaint and a Motion for Summary Judgment. (ECF 17, 20, 27, 41). These dispositive motions were filed over a year ago and Plaintiff responded to each motion in August 2022. (ECF 24, 25, 35). The issues have been fully briefed by the parties.

3. Another attorney from the Lento Law Group, Chicozie Nwankwo, is listed as an attorney of record in this case; however, the Lento website indicates that he died in 2022. As of the date of this response, Mr. Nwankwo is listed as eligible to practice on the Florida Bar website. He has not been removed as counsel for Plaintiff in this lawsuit.

4. Ms. Womble's Motion to Withdraw does not comply with the requirements of Rule 2.02 of the Local Rules for the Middle District of Florida. This rule requires a withdrawing lawyer to "notify each affected client fourteen days before moving to withdraw unless the client consents to

the withdrawal, and file a motion certifying this fact and that the client consented to the withdrawal."

5. Defense counsel asked Ms. Womble if another attorney could appear and argue the motions on file given the time available before the May 30, 2023 hearing date. Ms. Womble responded that no attorneys with the firm are admitted in the State of Florida.

6. On August 9, 2022, the Court entered an order directing Joseph Lento, Esquire, to move to specially appear to represent the Plaintiff, but after Mr. Lento failed to do so and after Mr. Nwankwo appeared as counsel for Plaintiff, the Court directed the Clerk to "terminate" Mr. Lento as counsel for the Plaintiff. ECF 32, 36.

7. Based on the above, Defendants jointly request that the Court grant Ms. Womble's Motion to Withdraw only if she complies with local rule 2.02, establishes her client's consent to her withdraw and obtains other counsel to attend the hearing on Mr. Peterson's behalf on May 30, 2023. Alternatively, Defendants request that the Court grant the request to withdraw only if the pending motions may be argued no more than 45 days from the date of this reply.

3

## MEMORANDUM OF LAW

Rule 2.02(c), of the Local Rules of the Middle District of Florida, provides:

> (c) **WITHDRAWAL**. If a lawyer appears, the lawyer cannot without leave of court abandon, or withdraw from, the action.
>
> (1) To withdraw, a lawyer:
>
> (A) must notify each affected client fourteen days before moving to withdraw unless the client consents to withdrawal, and
>
> (B) must file a motion to withdraw that includes:
> (i) a certification that the lawyer has provided fourteen days' notice to the client or that the client consents to withdrawal and
>
> (ii) if withdrawal will result in a person proceeding pro se, the person's mailing address, email address, and telephone number.
>
> (2) The withdrawing lawyer — not the lawyer's present or former firm or another lawyer — must move to withdraw unless unable because of an emergency, disability, or death.

Rule 2.02. Because the attorney requesting withdrawal has not complied with this rule and because the issues are fully briefed and ready for oral argument, the Defendants request that the Court either: 1) deny the Motion; 2) require another attorney from the Lento firm to appear and argue the pending and briefed motions; or 3) reset the oral argument for no more than 45 days from the date of this reply.

Respectfully submitted this 8th day of May, 2023.

| | |
|---|---|
| **SNIFFEN & SPELLMAN, P.A.**<br><br>*/s/ Matthew J. Carson*<br><br>**MATTHEW J. CARSON**<br>Florida Bar No. 827711<br>123 North Monroe Street<br>Tallahassee, FL 32301<br>Telephone: (850) 205-1996<br>mcarson@sniffenlaw.com<br><br>*Attorney for Sheriff DeLoach* | **MARKS GRAY, P.A.**<br><br>*/s/ Susan S. Erdelyi*<br><br>**SUSAN S. ERDELYI**<br>Florida Bar No.: 0648965<br>1200 Riverplace Blvd., Suite 800<br>Jacksonville, Florida 32207<br>Telephone: (904) 398-0900<br>Email: serdelyi@marksgray.com<br><br>*Attorney for City of Crescent City and Michele Myers* |
| **BROMAGEN, RATHET, KLEE & SMITH, P.A.**<br><br>*/s/ Brooks C. Rathet*<br><br>**BROOKS C. RATHET**<br>Florida Bar No.: 0077658<br>625 Atlantic Blvd.<br>Atlantic Beach, FL 32233<br>Telephone: (904) 242-0860<br>brooks@bromagenlaw.com<br><br>**HULL BARRETT, P.C.**<br><br>*/s/ David E. Hudson*<br><br>**DAVID E. HUDSON**<br>Georgia Bar No. 474450<br>P. O. Box 1564<br>Augusta, FA 30903<br>Telephone: (706) 722-4481<br>dhudson@hullbarrett.com<br><br>*Attorneys for Newspaper Defendants* | |